```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      EASTERN DIVISION
```

MARK HOPSON, #72592                                        PLAINTIFF

VERSUS                            CIVIL ACTION NO.  4:06cv090TSL-JCS

WARDEN CASKEY, UNKNOWN GRAHAM,
UNKNOWN MOORE, UNKNOWN NOEL,
CHRIS EPPS, UNKNOWN BUSH, AND UNKNOWN ATWOOD              DEFENDANTS

## OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Mark Hopson is an inmate at the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi. He has filed this complaint pursuant to 42 U.S.C. § 1983. According to page 2 of the complaint, the defendants are Warden Caskey, Ms. Noel, and Christopher Epps. The other named people are witnesses. The plaintiff seeks as relief monetary damages and that he be transferred to Central Mississippi Correctional Facility (CMCF) or a facility of his choice.

## Background

The plaintiff states that he has been asking for a transfer from the EMCF to another facility since 2003. On March 24, 2006, the plaintiff states in his complaint that he was informed by Dr. Bass that Parchman had "turn[ed] down [the plaintiff's] transfer." The plaintiff then requested to be transferred to CMCF. He was told that he would be transferred to another facility at a later time after he had been evaluated by the treatment team. According to the allegations, there have been

several inmates transferred from EMCF and other inmates transferred into EMCF.  Even though the plaintiff has been told that he would be transferred to another facility, he still remains at EMCF.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.  The plaintiff's claim concerning being housed in a particular facility is frivolous[1]; therefore this complaint shall be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), with prejudice.

It is clear that the plaintiff does not have a constitutionally protected right to be housed in a particular facility while incarcerated.  Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995) (citing Meachum v. Fano, 427

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

U.S. 215 (1976)). A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Since the placement at a certain institution is not an "atypical and significant hardship", there has been no constitutionally protected right created. The Mississippi statute governing commitments to the Department of Corrections establishes that a person is committed to the "department, not to a particular institution or facility." MISSISSIPPI CODE ANNOTATED § 47-5-110 (1972), as amended. The defendants' decision to house the plaintiff at EMCF instead of a facility of the plaintiff's choosing does not violate his constitutional rights.

### Conclusion

It is clear that there is no constitutionally protected right to be placed in a certain facility. Therefore, the plaintiff cannot maintain this civil action and it will be dismissed as frivolous.

### Three-Strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike". See 28 U.S.C. § 1915(g). If the plaintiff receives "three strikes" he will be denied in forma pauperis

status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this opinion and order.

SO ORDERED this the  21st  day of September, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE